NUMBERS 13-10-00030-CR


 13-10-00031-CR

 13-10-00032-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DENNIS GRAY STONE, III, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Dennis Gray Stone, III appeals from his convictions in trial court cause
24,737 for the offense of aggravated sexual assault and compelling prostitution (appellate
cause number 13-10-030-CR), (1) cause 24,738 for aggravated robbery with one felony
enhancement paragraph (appellate cause number 13-10-031-CR), (2) and cause 24,980 for
aggravated sexual assault (appellate cause number 13-10-032-CR). (3) Appellant pleaded
guilty in each case, and after hearing evidence, the trial court sentenced appellant to fifty-five years in cause 24,737, forty years in cause 24,738, and fifty-five years in cause
24,980. All sentences were to run concurrently. (4)

 Concluding that "no reversible error is reflected by the record," counsel filed an
Anders brief in which he reviewed the merits, or lack thereof, of the appeals. We affirm.

I. Compliance with Anders

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that, in his
professional opinion, the appeals are without merit and are frivolous. Counsel's brief
discusses the portions of the records pertinent to the following arguable grounds of error
presented: (1) the trial court improperly admonished appellant, which voids the entirety of
the plea and punishment proceedings; (2) the trial court failed to consider mitigating
evidence in determining appellant's sentences; (3) appellant's sentences are cruel and
unusual in violation of the U.S. Constitution; and (4) appellant was not given effective
assistance of counsel at the hearing. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders brief need not specifically
advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.")
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no
pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has carefully discussed why, under controlling authority, there
is no error in the trial court's judgment in each case. Counsel certified to this Court that he
has diligently searched the reporter's record and each clerk's record, has researched the
law applicable to the facts and issues presented, if any, and has concluded, in his
professional opinion, that the appeals are without merit and are frivolous. Counsel has
informed this Court that he (1) forwarded a copy of the brief and his request to withdraw
as counsel to appellant at his last known address; (2) would send appellant a copy of the
reporter's record; (3) provided information regarding how to request a copy of the clerk's
records from the Victoria County District Clerk; and (4) informed appellant of his right to
review each record and to file a pro se response. (5) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More than an
adequate period of time has passed, and appellant has not filed a pro se response. See
In re Schulman, 252 S.W.3d at 409.


II. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the cases are wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's brief,
and we have found nothing that would arguably support an appeal. See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we
affirm the judgments of the trial court.

III. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw filed in appellate cause numbers 13-10-030-CR, 13-10-031-CR, and 13-10-032-CR and carried with the case on June 16, 2010. Within five days of the date of this
Court's opinion, counsel is ordered to send a copy of the opinion and the judgments to
appellant and to advise appellant of his right to petition for discretionary review. (6) See Tex.
R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

5th day of August, 2010.

1. See Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 43.05(a)(2) (Vernon Supp. 2009).
2. See id. § 29.03 (Vernon 2003), see also id. § 12.42(c)(1) (Vernon Supp. 2009).
3. See id. § 22.021(a)(2)(B).
4. Because the cases were tried together, resulting in convictions on all charges, concurrent sentencing,
and companion appeals to this Court, we will address them in one opinion.
5. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
6. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.